IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GARRICK MILLER PETITIONER

V. CIVIL ACTION NO. 1:25-CV-00142-SA-RP

HEAD WARDEN ANGELENA JOHNSON RESPONDENT

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

This matter comes before the Court on the *pro se* Petitioner Garrick Miller's motion for reconsideration of the Court's July 7, 2026, memorandum opinion and order and final judgment dismissing his federal habeas petition. Doc. 52. The Court finds that the instant motion should be denied.

On August 29, 2025, Miller filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the revocation and imposition of his suspended sentence from an underlying conviction for possession of cocaine. Doc. 13. On December 29, 2025, Respondent filed a response in opposition to Miller's petition. Doc. 33. On July 7, 2026, the Court entered a memorandum opinion and order and final judgment dismissing Miller's petition with prejudice. Docs. 50, 51. In particular, the Court found that Miller's claims raised in grounds One, Two and Three were procedurally barred from review while his claims raised in Grounds Five, Six, Seven, and Eight were procedurally defaulted. *Id.* The Court further found that Miller's claims raised in Ground Four were without merit. *Id.*

As the instant motion was filed within twenty-eight (28) days of entry of the Court's order, it is properly treated as a Rule 59(e) motion to alter or amend judgment. *See* Fed. R. Civ. P. 59. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was

previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

In the instant filing, Miller largely propounds various quotes and citations to authority regarding the applicable Rule 59 standard and repeats his *already considered and rejected* arguments that the revocation and imposition of his suspended sentence was unconstitutional. Miller *seemingly* believes he has "new evidence" because of the dismissal of criminal charges which formed the basis of the revocation at issue. The Court notes that, even if true, this would amount to a challenge to the applicability of *state* law rather than a federal issue. That aside, the Court notes that under Mississippi law, the basis for revocation does *not* require conviction of a crime, but rather it is sufficient "when it is more likely than not that a violation has occurred." *See McCalpin v. State*, 166 So. 3d 34, 26-27 (Miss. 2013).

Beyond this, Miller offers no new substantive argument as to why reconsideration is warranted. To be sure, Miller has not demonstrated any error in law or fact, nor has he presented any newly discovered evidence *pertinent* to the issues raised; he has further failed to identify an intervening change in the controlling law. In short, Miller's arguments do not change the Court's determinations forming the basis of its opinion and order dismissing his petition. Accordingly, the Court finds that Miller's motion [52] for reconsideration should be DENIED. As the Court has determined that reconsideration is unwarranted, it logically follows that Miller's related motions [53], [54] for judicial notice, expansion of the record, and an evidentiary hearing should likewise be DENIED.

The Court lastly notes that Miller filed a litany of pre-judgment motions and continues to submit motions and related post-judgment filings. The Court cautions Miller that should he continue to submit frivolous post-judgment filings, the Court may impose a ban on such filings.

SO ORDERED, this the 17th day of August, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE